## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JINDAL POLY FILMS LIMITED.<br><br>　　　　　　Plaintiff,<br>v.<br><br>UNITED STATES,<br><br>　　　　　　Defendant. | Court No. 24-00053 |

## **COMPLAINT**

1.　　Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff Jindal Poly Films Limited ("Jindal"), contests the final results of the Department of Commerce in the countervailing ("CVD") duty administrative review of polyethylene terephthalate film, sheet, and strip from India for the January 1, 2021, to December 31, 2021 period of review ("POR"). The contested final determination was published in the *Federal Register* as *Polyethylene Terephthalate Film, Sheet, and Strip From India: Final Results of Countervailing Duty Administrative Review; 2021,* 89 Fed. Reg. 5490 (Dep't Commerce January 29, 2024) ("*Final Results*").

2.　　Commerce abused its discretion through its use of a bright-line rule to reject Jindal's Section III affiliation questionnaire response, without evaluating the specific factual circumstances of the late submission. Commerce must weigh accuracy and fairness in its administration of proceedings against the interests of finality and agency burden. Based on this factual record, the interests of accuracy and fairness far outweighed any burden or the interests of finality in this case.

1

3. Even Commerce's rejection of Jindal's out-of-time request for extension and late-filed affiliation questionnaire response is lawful, Commerce's conclusion that Jindal failed to cooperate to the best of its ability and its application of total adverse facts available to Jindal are unsupported by substantial evidence or in accordance with law. Commerce failed to conduct the proportionality analysis required by 19 U.S.C. § 1677e(d)(2), or otherwise support with substantial evidence, the 116.96 percent adverse facts available rate before assigning this rate to Jindal.

## JURISDICTION

4. Plaintiff contests legal and factual conclusions set forth in Commerce's final results rendered in the 2021 countervailing duty administrative review of polyethylene terephthalate film, sheet, and strip from India (C-533-825). This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II). This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c).

5. The standard of review, as provided in 19 U.S.C. §1516a(b)(1)(B), is whether the determinations, findings, or conclusions of the Department were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## STANDING OF PLAINTIFF

6. Jindal is a foreign producer and exporter of the subject merchandise, polyethylene terephthalate film, sheet, and strip from India.

7. Jindal was a party to and participated in the underlying countervailing duty administrative review now being challenged.

8. Therefore, Jindal is an "interested party" and party to the proceeding under 19 U.S.C. §§ 1677(9)(A), 1516a(a)(2)(A) and (f)(3). Plaintiff thus has standing to bring this action under 19 U.S.C. § 1516a(a)(2)(A), (d), 28 U.S.C. §2631(c), and 28 U.S.C. §1581(c).

## TIMELINESS OF THIS ACTION

9. Jindal commenced this action by filing a Summons on February 27, 2024, within 30 days of publication of the *Final Results* in the Federal Register on January 29, 2024.

10. Jindal is filing this complaint within 30 days after the filing of the summons.

11. This action is therefore timely filed pursuant to 19 U.S.C. §1516a(a)(2)(A), 28 U.S.C. § 2636(c) and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade.

## STATEMENT OF FACTS

12. On July 1, 2022, Commerce published a notice of opportunity to request an administrative review of the countervailing duty order covering polyethylene terephthalate film, sheet, and strip from India. *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review and Joint Annual Inquiry Service List*, 87 Fed. Reg. 39461 (Dep't Commerce July 1, 2022). In response to Commerce's notice, Petitioners and interested parties requested that Commerce conduct an administrative review of eight Indian exporters of the subject merchandise, including Jindal. *See* Letter to Sec'y Commerce from Wilmer Hale, *Polyethylene Terephthalate (PET) Film, Sheet, and Strip from India: Request for Countervailing Duty Administrative Review* (August 1, 2022); Letter to Sec'y Commerce from ArentFox Schiff, *Polyethylene Terephthalate ("PET") Film from India: Polyplex USA LLC's Request for CVD Administrative Review* (July 29, 2022); Letter to Sec'y Commerce from SRF Limited, *Polyethylene Terephthalate (PET) Film from India: Request for Countervailing Duty (CVD) Admin Review* (July 29, 2022).

13. Based on the requests filed by Petitioners and interested parties, Commerce initiated an administrative review of Jindal and seven other companies. *See Initiation of Antidumping and Countervailing Duty Administrative Review*, 87 Fed. Reg. 54463 (September 6, 2022).

14. On November 3, 2022, Commerce issued the Initial Questionnaire to the Government of India.

15. On December 2 and December 5, 2022, Petitioners and interested parties withdrew their requests for administrative review of seven Indian exporters of the subject merchandise, leaving Jindal as the only remaining respondent.

16. On December 9, 2022, because Jindal was the only remaining respondent, Commerce selected Jindal as the sole mandatory respondent. See Memorandum to File from Nicholas Czajkowski, *Countervailing Duty Review of Polyethylene Terephthalate Film, Sheet, and Strip (PET film) from India: Intent to Rescind Review, in Part, and Company Subject to Individual Examination* (December 9, 2022).

17. On December 12, 2022, Commerce issued a letter to the Government of India regarding its selection of Jindal as a mandatory respondent and requiring Jindal to respond to the initial CVD questionnaire. According to Commerce's initial CVD questionnaire, the due date for Jindal's response to Section III "Identifying Affiliated Companies" was by 5:00pm ET ("Eastern Time") on "December 26, 2022." The due date for Jindal's response to Sections II and III of the CVD questionnaire was by 5:00pm ET on "January 18, 2022 [sic]."

18. On December 31, 2022, Jindal filed a letter requesting an extension of the Section III Identifying Affiliated Companies response deadline by 15 days. Jindal asserted that while it had been working diligently to prepare for its response to Section III of the CVD questionnaire, due to not being selected as a respondent in the previous administrative reviews, its lack of lawyer or representative, and the responsible person handling the CVD proceeding being severely ill, Jindal inadvertently misconstrued that the due date for the entire initial CVD questionnaire response was January 18, 2023.

19. On January 7, 2023, Jindal filed its response to the Section III Identifying Affiliated Companies questionnaire.

20. On January 11, 2023, Jindal submitted a letter to Commerce requesting an extension of the Section III CVD initial questionnaire deadline by 30 days, due to the amount of extensive information requested by Commerce in the CVD initial questionnaire.

21. On January 17, 2023, Commerce suspended the deadline for Jindal to respond to Section III of the CVD initial questionnaire while it considered Jindal's extension request for the affiliated companies' response.

22. On January 27, 2023, Commerce denied Jindal's December 31, 2022, Extension Request, and subsequently on February 15, 2023, removed Jindal's Section III Identifying Affiliated Companies response from the record.

23. On February 16, 2023, Jindal filed its response to Section III of the CVD questionnaire, including a resubmission of its previously filed and rejected Affiliated Companies' response.

24. On March 9, 2023, Commerce again rejected and removed Jindal's February 16 resubmission of its response to Section III Identifying Affiliated Companies response.

25. On August 2, 2023, Commerce published its Preliminary Results. *Polyethylene Terephthalate Film, Sheet, and Strip From India: Preliminary Results of Countervailing Duty Administrative Review and Partial Recession of Administrative Review; 2021,* 88 Fed. Reg. 50834 (Dep't Commerce August 2, 2023) ("*Preliminary Results*") and accompanying *Issues and Decision Memorandum ("Prelim I&D Memo").*

26. In the *Preliminary Results*, Commerce assigned Jindal a countervailing duty rate of 116.96 percent based on adverse facts available. *Id* at 50835. Commerce justified its decision

stating that by not timely filing the affiliated companies' portion of its Section III CVD questionnaire response, Jindal "failed to cooperate to the best of its ability to provide information requested." *See Prelim I&D Memo* at 5-7.

27.    Commerce calculated the 116.96 percent adverse facts available rate for Jindal by adding up the highest calculated non-*de minimis* rates for all subsidy programs at issue from any segment of this proceeding. *See Prelim I&D Memo* at 9-10.

28.    On August 28, 2023, Jindal filed a case brief arguing, *inter alia*, that Commerce's actions in rejecting and removing from the record Jindal's affiliated companies' questionnaire response was punitive and an arbitrary use of its discretion. Jindal asserted that Commerce applied adverse facts available in error because it had acted to the best of its ability. Jindal argued that its error in misconstruing the Affiliated Companies response due date was an "honest mistake" that did not establish that it had not acted to the best of its ability or that it impeded the proceeding in any way. Jindal also contended that Commerce's application of an adverse facts available rate based on 27 separate subsidy programs was overly punitive when it had only availed itself of far fewer programs in previous reviews dating back to 2006, and only 6 programs in the current review.

29.    On January 29, 2024, Commerce published in the Federal Register the Final Results. *Polyethylene Terephthalate Film, Sheet, and Strip From India: Final Results of Countervailing Duty Administrative Review; 2021,* 89 Fed. Reg. 5490 (Dep't Commerce January 29, 2024) ("*Final Results*").and accompanying Issues and Decision Memorandum ("*Final I&D Memo*"). In the *Final Results*, Commerce continued to apply adverse facts available to Jindal, with the same AFA rate of 116.96, unchanged from the *Preliminary Results*. *Final Results* at 5491.

**STATEMENT OF CLAIMS**

30. In the following respects, and for other reasons apparent from the administrative record of Commerce's countervailing duty investigation, the final results are not supported by substantial evidence on the record and are otherwise not in accordance with law.

**COUNT ONE**

31. Paragraphs 1-30 are hereby incorporated by reference.

32. Commerce's application of a bright line rule for untimely submissions and its decision not to accept Jindal's affiliated companies' response under these factual circumstances were arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and otherwise not in accordance with law.

33. Commerce's decision to reject Jindal's affiliated companies' CVD questionnaire response was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and otherwise not in accordance with law because Commerce has accepted similar untimely responses to questionnaires in the past when the resulting delay was minor and did not significantly interfere with Commerce's ability to conduct the review. 19 CFR § 351.302

**COUNT TWO**

34. Paragraphs 1-33 are hereby incorporated by reference.

35. Commerce's decision in the *Final Results* to apply adverse facts available to Jindal without a consideration of the circumstances leading to imposition of adverse facts available and to impose on Jindal a final countervailing duty margin of 116.96 percent due to the factual circumstances described above constitutes an abuse of discretion and not in accordance with law.

## COUNT THREE

36. Paragraphs 1-35 are re-alleged and incorporated herein by reference.

37. Commerce made other decisions in the *Final Results* resulting in an excessively high and erroneous final countervailing duty margin for Jindal that is not supported by substantial evidence on the record and is otherwise not in accordance with law.

## PRAYER FOR RELIEF AND JUDGMENT

Wherefore, and as challenged herein, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff;

(b) Hold as unlawful Commerce's final countervailing duty determination that is the subject of this Complaint and sustain Counts One, Two, and Three of Plaintiff's Complaint;

(c) Remand this proceeding to Commerce with instructions to open the record for the purpose of accepting Plaintiff Jindal's responses to the Affiliated Companies' section of the Section III CVD questionnaire and all other parts of the CVD questionnaire and to make and assign to Plaintiff Jindal a calculated countervailing duty margin determination in a manner consistent with law;

(d) Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Irene H. Chen
Irene H. Chen
**VCL LAW LLP**
1945 Old Gallows Road, Suite 260
Vienna, VA  22182

>Tel: (301) 760-7393
>Fax: (301) 263-7700
>Email: ichen@vcllegal.com

Date: March 27, 2024                              *Counsel to Jindal Poly Films Limited*